IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LAWRENCE O. HARRIS                                                                      PLAINTIFF

vs.                                              Civil No. 6:18-cv-06096

NANCY A. BERRYHILL                                                                      DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Lawrence O. Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.   **Background:**

Plaintiff protectively filed his disability applications on January 7, 2016. (Tr. 15). In his applications, Plaintiff alleges being disabled due to schizophrenia, anxiety, depression, and hearing voices. (Tr. 272). Plaintiff alleges an onset date of March 31, 2015. (Tr. 15). These applications were denied initially and again upon reconsideration. Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 52-90).

Plaintiff's administrative hearing was held on August 16, 2017 in Hot Springs, Arkansas. (Tr. 52-90). At this hearing, Plaintiff was present and was represented by Don Chaney. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.* At this hearing, Plaintiff testified he was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008) and 20 C.F.R. § 404.1563(e) (2008). (Tr. 57). As for his education, Plaintiff testified he had graduated from high school. (Tr. 58).

On March 26, 2018, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 12-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2020. (Tr. 18, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2015, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff has the following severe impairments: schizophrenia, anxiety, and affective disorders. (Tr. 18, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-20, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 20-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) lifting up to 50 pounds occasionally 25 pounds frequently; sitting six to eight hours; standing and walking six to eight hours; unskilled rote activities; understand, remember, and follow concrete instructions;

superficial contact with supervisors and coworkers; no work with the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). Based upon his work experience and his RFC, the ALJ determined Plaintiff was unable to perform any of his PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 24-25). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform work as a skin lifter (poultry) (unskilled) with 33,000 such jobs in the national economy and machine packager (unskilled) with 34,000 such jobs in the national economy. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 31, 2015 through the date of his decision or through March 26, 2018. (Tr. 25, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On August 22, 2018, the Appeals Council denied this request for review. (Tr. 1-6). On October 10, 2018, Plaintiff file the current appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.  Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff raises four arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record regarding his physical and mental impairments; (B) the ALJ erred by "not performing the psychiatric review technique (PRT)"; (C) the ALJ erred in evaluating his credibility; and (D) the ALJ erred in assessing his RFC. ECF No. 11 at 1-18. The Court will address each of these arguments.

   A.  **Development of the Record**

In his briefing, Plaintiff claims the ALJ erred by failing to fully and fairly develop the record. ECF No. 11 at 5-10. Plaintiff claims the "ALJ adjudicated two years with zero evidence." *Id.* Despite Plaintiff's claim on this issue, however, the record *does* include medical records from this two-year period (2016 to 2018), including a mental consultative examination from March of 2016. (Tr. 1148-1154). Thus, the Court finds no basis for reversal on this issue.

Furthermore, for this Court to reverse Plaintiff's case based upon this issue, Plaintiff must demonstrate prejudice from the ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand"). Here,

Plaintiff has not demonstrated he was prejudiced by the ALJ's failure to develop the record in this case. ECF No. 13 at 19-20. Thus, he is not entitled to a remand.

### B. Psychiatric Review Technique

Plaintiff claims the ALJ erred by failing to perform a Psychiatric Review Technique ("PRT") at Step Two of the Analysis. ECF No. 11 at 10-11. Plaintiff is correct that the ALJ did not perform this technique at Step Two; however, the ALJ *did perform* this technique at Step Three. (Tr. 18-20). The Regulations do not require this technique to be performed at a specific step. They only require the ALJ to perform this technique "in the decision." *See* 20 C.F.R. §§ 404.1520a(e), 416.920a(e). Thus, the mere fact the ALJ performed this analysis at Step Three instead of Step Two provides no basis for reversal on this issue.

To the extent Plaintiff claims the evaluation was improperly made, the Court likewise finds no merit with this claim. The only evidence Plaintiff provides in support of this claim is an undated letter from a Custodial Supervisor at the Arkadelphia Public Schools which Plaintiff submitted post-decision to the Appeals Council. (Tr. 35). Because the evidence was not available at the time of the ALJ's decision, contrary to Plaintiff's argument, the ALJ could not have erred in his evaluation of it. Moreover, to prove a condition is disabling, Plaintiff must provide *medical* evidence proving the condition meets the listed criteria. *See Jones v. Astrue,* 619 F.3d 963, 969 (8th Cir. 2010). Here, Plaintiff has merely provided a written letter from his former supervisor. This evidence is not sufficient.

### C. Credibility Determination

Plaintiff claims the ALJ erred by failing to properly evaluate his subjective complaints and apply the *Polaski* factors. ECF No. 11 at 11-14. In assessing the credibility of a claimant, the ALJ

is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated his medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

- Plaintiff's activities of daily living conflict with his allegedly disabling limitations;

- Plaintiff's symptoms and related limitations are not consistent with the evidence of record; and

- Plaintiff's medical evidence of record "shows some abnormalities" but it "does not corroborate allegations of work preclusive symptoms."

(Tr. 21). Upon review, although these findings are not extensive, they sufficiently satisfy the requirements of *Polaski*. Thus, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

### D. RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 11 at 14-16. The ALJ has the responsibility for determining a Plaintiff's RFC, and this determination must be based upon all of the evidence in the record, including "the medical records, observations of treating physicians and others, and an individual's description of [his] limitations." *Krogmeier v. Barnhart,* 294 F.3d 1019,

1024 (8th Cir. 2002) (holding the ALJ assesses the "residual functional capacity based on all the relevant evidence" in the record). *See also Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000) (recognizing the "ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence").

With the current claim, Plaintiff argues the ALJ's RFC assessment was improper because it was based upon an incomplete record. ECF No. 11 at 14-16. However, as noted above, the Court finds no basis for reversing Plaintiff's case based upon this issue. Thus, the Court will not re-address this issue here.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends that it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 26th day of June 2019.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE